## UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**LISA J. SHUBERT,**                                           Chapter 7
     Debtor                                          Case No. 14-14739-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WARREN E. AGIN, CHAPTER 7 TRUSTEE,**
     Plaintiff

v.                                                             Adv. P. No. 14-1220

**GREEN TREE SERVICING, LLC,**
**EASTERN BANK, CITIMORTGAGE, INC.,**
**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, and LISA J. SHUBERT,**
     Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~


## MEMORANDUM


## I. INTRODUCTION

This adversary proceeding presents a question of whether a certificate of acknowledgment of a mortgage granted by Lisa J. Shubert (the "Debtor") complied with the requirements of Massachusetts law and, thus, provides constructive notice of the mortgage. If the certificate of acknowledgment does not comply with Massachusetts law, it may be avoided by the Debtor's bankruptcy trustee pursuant to 11 U.S.C. § 544. The question presented arises in the context of the "Plaintiff's Motion for Summary Judgment and Default Judgment" pursuant to which the Chapter 7 Trustee of the Debtor's bankruptcy estate seeks summary judgment against the defendants, Green Tree Servicing, LLC ("Green Tree"),

1

Eastern Bank, CitiMortgage, Inc. ("Citimortgage"), and Federal National Mortgage Association ("FNMA") (collectively, the "Mortgage Defendants") with respect to Counts I-III of his Complaint and against the Debtor on Count III only.[1]  In addition to filing a Motion to Dismiss, FNMA and Green Tree filed a joint Opposition and a Cross-Motion for Summary Judgment to the Trustee's Motion, although they have not filed an Answer to the Complaint.[2]  Eastern Bank did not file an Answer or a response to the Complaint or to the Trustee's Motion for Summary Judgment.  The Trustee, however, assented to its request to extend time to respond to the Complaint for twenty days following the later of this Court's decision with respect to the Motion for Summary Judgment or the Motions to Dismiss filed jointly by Green Tree and FNMA and by CitiMortgage.

The Trustee filed a Complaint against the Mortgage Defendants and the Debtor on November 19, 2014.  In his Complaint, he set forth four counts as follows:  Count I (Lien Avoidance, § 544), Count II (Recovery, §§ 550(a), 551), Count III (Declaratory Relief), and

---

[1] Pursuant to Count III, the Trustee seeks a declaratory order as follows:

(a) the Lien Interest, once avoided and recovered for the benefit of the estate, represents an interest in the Real Estate with a value of $281,592.13; and

(b) the Lien Interest, once avoided and recovered for the benefit of the estate, is not subject to redemption on account of any payments made to or for the benefit of the Mortgage Defendants, their successors or assigns, or any undisclosed principals thereof.

[2] In view of the absence of an Answer and the filing of a Motion to Dismiss, the Court shall treat the Cross-Motion for Summary Judgment filed by Green Tree and FNMA as arising under Fed. R. Civ. P. 12(d), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

2

Count IV (Award of Costs).  CitiMortgage, Green Tree and FNMA  moved to dismiss the

Trustee's Complaint.  The Debtor failed to answer the Complaint and the Court entered a

default against her on March 18, 2015.  The Court heard the Cross-Motions for Summary

Judgment on May 27, 2015, as well as CitiMortgage's Motion to Dismiss and the Motion to

Dismiss filed jointly by FNMA and Green Tree.  At the hearing, the Court denied

CitiMortgage's Motion to Dismiss and took the Cross-Motions for Summary Judgment

under advisement.  FNMA and Green Tree withdrew their Motion to Dismiss in open court.

The specific issue presented is whether the Trustee may avoid the mortgage executed

by the Debtor pursuant to his avoiding powers under 11 U.S.C. § 544(a)(3) due to the

absence of a proper certificate of acknowledgment in accordance with  Mass. Gen. Laws ch.

183, § 29.  The material facts necessary to resolve the Cross-Motions are not in dispute, and

the matter is ripe for summary judgment. This Court has jurisdiction and authority to

resolve the dispute as the matter arises under title 11, *see*  28 U.S.C. § 1334(b) and is a core

proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(K).  *See* <u>Henderson v. Bank of Am., N.A.</u>

<u>(In re Simmons)</u>, 510 B.R. 76, 88 (Bankr. S.D. Miss. 2014).  Moreover, no party has objected

to the Court's entry of a final order, and thus they have  consented to entry of a final order.

*See* <u>Wellness Internat'l Network, LTD v. Sharif</u>, __ U.S. __, 135 S.Ct. 1932 (2015).

## II. FACTS

The following material facts are undisputed.  On October 7, 2014, the Debtor filed a

voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.  On Schedule A-

Real Property, the Debtor listed real property located at 2 Marisa Drive, West Bridgewater,

3

Massachusetts (the "Real Property") with a fair market value of $295,000.00.  On Schedule

C-Property Claimed as Exempt, the Debtor claimed the Real Property as exempt in the sum

of $13,033.00.[3]   On Schedule D-Creditors Holding Secured Claims, the Debtor listed

"Citimortgage" as the holder of a claim secured by the Real Property in the sum of

$281,967.00.   On the Chapter 7 Individual Debtor's Statement of Intention, the Debtor

indicated her intention to reaffirm the debt which she believed was owed to CitiMortgage.

*See* 11 U.S.C. § 521(a)(2). The Debtor, however, did not file a reaffirmation agreement with

the Court.  The Court entered the order of discharge on January 14, 2015.

The Debtor acquired the Real Property on November 29, 2004 by deed from Barbara

A. Carr, Deborah A. Carr, Nancy I. Berquist and Kenneth A. Carr.  The deed was recorded

with the Plymouth County Registry of Deeds on November 29, 2004, at Book 29557, Page

120.  On November 29, 2004, the Debtor granted Plymouth Savings Bank a mortgage on the

Real Property which was recorded with the Plymouth County Registry of Deeds on

November 29, 2004, at Book 29557, Page 124 (the "Mortgage"). The Mortgage secured a note

of the same date in the original principal amount of $310,400.00, which as of October 7, 2014,

secured a debt in the amount of $281,592.13.

The notarization at the end of the Mortgage provides the following:

> On this 29th day of November 2004, before me, the undersigned notary public,
> personally appeared Lisa J. Shubert, proved to me through satisfactory
> evidence of identification, which were, MA Driv LIC to be the person whose

---

[3] Neither the Trustee nor any party in interest challenged the Debtor's claim of
exemption in the Real Property.

4

name is signed on the preceding or attached document in my presence.

On June 1, 2006, Eastern Bank, as successor by merger to Plymouth Savings Bank, assigned

the Mortgage to ABN Amro Mortgage Group, Inc.  Approximately eight years later, on

September 17, 2014, CitiMortgage, successor by merger to ABN Amro Mortgage Group, Inc.,

assigned the Mortgage to Green Tree.  Green Tree holds the Mortgage as agent for FNMA.

## III. DISCUSSION

A. <u>Summary Judgment Standard</u>

The United States Court of Appeals for the First Circuit has articulated the well-

established standard for summary judgment in <u>Desmond v. Varrasso (In re Varrasso)</u>, 37

F.3d 760, 763 (1st Cir.1994). It stated:

> It is apodictic that summary judgment should be bestowed only when no
> genuine issue of material fact exists and the movant has successfully
> demonstrated an entitlement to judgment as a matter of law. See Fed.R.Civ.P.
> 56(c). As to issues on which the movant, at trial, would be obliged to carry the
> burden of proof, he initially must proffer materials of evidentiary or
> quasi—evidentiary quality-say, affidavits or depositions—that support his
> position. When the summary judgment record is complete, all reasonable
> inferences from the facts must be drawn in the manner most favorable to the
> nonmovant. This means, of course, that summary judgment is inappropriate
> if inferences are necessary for the judgment and those inferences are not
> mandated by the record. . . .

<u>Id.</u> at 763 (1st Cir.1994) (citations omitted, footnote omitted).[4]  As noted above, the material

facts necessary to resolve the Trustee's Complaint are not in dispute.  Resolution of the issue

---

[4] Fed. R. Civ. P. 56 was amended effective December 1, 2010. The summary judgment
standard now appears in subsection (a) of Rule 56, rather than at subsection (c). The
amended rule, however, does not change the standard for summary judgment. *See* <u>Farmers
Ins. Exch. v. RNK, Inc.</u>, 632 F.3d 777, 782 n.4 (1st Cir. 2011).

requires interpretation of Mass. Gen. Laws ch. 183, § 29 , which provides in pertinent part

the following:

> No deed shall be recorded unless a certificate of its acknowledgment or of the
> proof of its due execution, made as hereinafter provided, is endorsed upon or
> annexed to it, and such certificate shall be recorded at length with the deed to
> which it relates; but this section shall not apply to conveyances from the
> United States.

Mass. Gen. Laws ch. 183, § 29.  Other provisions of Chapter 183 and case law relating to

acknowledgments  also inform the Court's resolution of this dispute.

 B. Positions of the Parties

  1. The Trustee

The Trustee argues that the Mortgage was not recordable and does not provide

constructive notice because it was materially defective owing to the absence of language of

voluntariness on the part of the mortgagor, reflecting that execution of the mortgage was his

"free act and deed," or similar language in the notary clause.  He maintains that in

Massachusetts a mortgage must be acknowledged by the signatory and must include a

certificate of acknowledgment to be recorded. According to the Trustee, a clause that merely

certifies that the person appeared before the notary, produced identification, and signed the

document is insufficient to certify that the person acknowledged the document. Thus, he

maintains, an unrecordable mortgage is treated as an unrecorded mortgage for purposes of

11 U.S.C. § 544(a), and may be avoided by a Chapter 7 trustee.

 Noting that a mortgage is considered a form of "deed" for purposes of the recording

requirements, *see* In re Giroux, No. 08-14708-JNF, Adv. No. 08-1261, 2009 WL 1458173

(Bankr. D. Mass. 2009), *aff'd* No. 09-CV-10988-PBS, 2009 WL 3834002 (D. Mass. 2009), the

Trustee contends that the acknowledgment of the execution of a deed or mortgage must be

made by or on behalf of one or more of the grantors pursuant to Mass. Gen. Laws ch. 183,

§ 30.[5]  Citing, *inter alia*, Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392, 397-98

(B.A.P. 1st Cir. 2013), McOuatt v. McOuatt, 320 Mass. 410, 69 N.E.2d 806, 810 (1946), and

Allen v. Allen, No. 10 MISC 420492 GHP, 2013 WL 139318, at *10 (Mass. Land Ct. Jan. 10,

2013), he further contends that "in an acknowledgment '[n]o particular words are necessary

as long as they amount to an admission that [the grantor] has voluntarily and freely

executed the instrument.'"  In re Kelley, 498 B.R. at 398 (quoting McOuatt, 320 Mass. at 415,

69 N.E.2d at 810).  The Trustee emphasizes that Massachusetts requires strict formalities in

the execution of acknowledgments, citing In re Giroux, 2009 WL 1458173, at *8, *9, and

McOuatt, 320 Mass. at 413–14, 69 N.E.2d 806, 809 (1946) (holding that failure of the person

who signed the deed to make a declaration acknowledging that the conveyance was his "free

---

[5] Section 30 provides in pertinent part:

The acknowledgment of a deed or other written instrument required to be
acknowledged shall be by one or more of the grantors or by the attorney
executing it. The officer before whom the acknowledgment is made shall
endorse upon or annex to the instrument a certificate thereof. Such
acknowledgment may be made--

> (a) If within the commonwealth, before a justice of the peace or
> notary public. . . .

Mass. Gen. Laws ch. 183, § 30.

act and deed" rendered the acknowledgment defective).

The Trustee distinguishes between a certificate of acknowledgment of a deed and a certificate of "proof of its 'due execution'" as set forth in Mass. Gen. Laws ch. 183, § 29, arguing that they have different requirements.  He points to the Commonwealth of Massachusetts's Governor's "Standards of Conduct for Notaries Public," which became effective on May 15, 2004.[6]  In particular, he notes the definition of an "acknowledgment" set forth in Section 2 of the Executive Order which provides the following::

> "Acknowledgment" shall mean a notarial act in which an individual, at a single time and place:
>
> > (a) appears in person before the notary public and presents a document;
> >
> > (b) is identified by the notary public through satisfactory evidence of identity; and
> >
> > (c) indicates to the notary public that the signature on the document was voluntarily affixed by the individual for the purposes stated within the document and, if applicable, that the individual had authority to sign in a particular representative capacity.

Rev. Exec. Order No. 455 (04-04), § 2.  Additionally, the Trustee points to differences in the Executive Order, contrasting Section 5(d) of the Executive Order, which pertains to a notary's certificate of acknowledgment, with a notary's jurat certificate for a signature or mark on an affidavit or other written declaration as set forth in Section 5(e), as well as the

---

[6] *See* Rev. Exec. Order No. 455, (04-04)(available at http://www.mass.gov/courts/docs/lawlib/eo400-499/eo455rev.pdf as of March 13, 2015).

different language pertaining to witnessing a signature as set forth in Section 5(f). A comparison of Section 5(d) and (f) is helpful as the notarization of the Mortgage executed by the Debtor is substantially the same as the form for witnessing a signature set forth in Section 5(f) of the Executive Order.

In addition to emphasizing the provisions of the Executive Order, the Trustee highlights the language employed in Mass. Gen. Laws ch. 183 App., Form (13) "Acknowledgment of Individual acting in his Own Right"[7] which provides in pertinent part:

> On this _____ day of _____ 19__, before me personally appeared A B (or A B and C D), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) *free act and deed.*

> (Signature and title of officer taking acknowledgment. Seal, if required.)

The Trustee, relying on Massachusetts Deed Indexing Standard 4-2 (January 1, 2008) (available online at https://www.sec.state.ma.us/rod/rodpdf/IndexStnds08.pdf) argues:

> While a failure to comply with the Executive Order does not, itself, bar a document from being recorded, the Massachusetts registry system recognizes that an acknowledgement must still contain, at a minimum, "some language that indicates that the parties intended such signature to constitute an acknowledgement."

The Trustee also argues that the notary clause used in the Mortgage lacks "Proof of its due execution." That alternative ground for recording under Mass. Gen. Laws ch. 183,

---

[7] The Massachusetts statutory scheme does not require specific language in an acknowledgment, but it provides forms in an appendix which "may be used." Mass. Gen. Laws ch. 183, § 42. Use of the suggested statutory forms is not mandatory. *See* In re Kelley, 498 B.R. at 399.

§ 29 is foreclosed, in the Trustee's view, because the statute requires providing testimony before a court of record, not merely a certificate from a notary stating that a person appeared and signed a document.  He references the "made as hereinafter provided" language of § 29, contending that that language points to successive provisions of chapter 183 for the proper procedures for providing either a certificate of acknowledgment or a certificate of proof of due execution.   Thus, the Trustee asserts that §§ 30-33 of chapter 183 reference acknowledgments, while §§ 34-41 deal with proof of due execution.  The latter provisions, he asserts, require a certificate from a court of record, that, after testimony, establishes that the instrument was duly executed under different scenarios.[8]   He maintains that proof of due execution requires more than just an affidavit from a notary.  Indeed, he notes that § 40 of chapter 183 requires that "[a] certificate of proof of the execution of a deed shall be endorsed upon it or annexed thereto by the clerk or register of the court or by the judge before whom such proof is made, and the certificate shall state whether the grantor was present at the hearing."

---

[8] The Trustee cites Mass. Gen. Laws ch. 183, § 34 as an example.  It provides:

> If the grantor dies or removes from the commonwealth without having acknowledged his deed, the due execution thereof may be proved *before any court of record* in this commonwealth *by the testimony* of a subscribing witness thereto.

(emphasis supplied).  In addition, § 35 provides:  "If all the subscribing witnesses to the deed are also dead or out of the commonwealth, the due execution thereof may be proved before such court by proving the handwriting of the grantor and of a subscribing witness." Sections 36 and 37 also reference "a court of record" and "a subscribing witness."

In addition to the foregoing statutory arguments, the Trustee references two decisions which support his interpretation that an acknowledgment is different from proof of due execution. In <u>Dole v. Thurlow</u>, 53 Mass. 157, 162 (1846), the court, in tracing the historical analogs of Mass. Gen. Laws ch. 183, §§ 34-41, observed that "a deed not acknowledged may be proved, and, when proved, may be recorded, and shall have the same effect as if acknowledged." The bankruptcy court in <u>In re Marron</u>, No. 10-45395-MSH, 2011 WL 3800040 (Bankr. D. Mass. Aug. 29, 2011), similarly concluded:

> . . . Proof of a deed or instrument is entirely different than an acknowledgment. Section 29 establishes that a deed may not be recorded unless it is accompanied by either a certificate of its acknowledgment or proof of its due execution. Section 30 establishes the requirements for the acknowledgment of an instrument, while § 41 establishes how the proof of an instrument's due execution may be taken outside Massachusetts. By conflating the requirements for taking acknowledgments with those of proofs of due execution, the trustee renders § 30(b) meaningless. The assignments of mortgage in this case were acknowledged, and not proven, so the applicable statutory provision is § 30(b), which does not require a certificate of authority. *See* <u>Ashkenazy v. R.M. Bradley & Co.</u>, 328 Mass. 242, 246–47 (1952) (holding that the discharge of a mortgage where the acknowledgement was taken by an out-of-state notary public who affixes his notarial seal does not need to be accompanied by a certificate of authority). As no certificate of authority was required, the trustee fails to establish any defect in the assignments of mortgage that could render them either invalid or ineligible for recording.

<u>In re Marron</u>, 2011 WL 3800040 at *4.

The Trustee argues that the notary clause attached to the Mortgage is neither a certificate of acknowledgment nor a proper certificate of proof of the Mortgage's due execution under the applicable statutory provisions. In his view, there is simply no way to tell whether the Debtor acknowledged the Mortgage as her free act and deed, adding that

none of the Mortgage Defendants proved before a court of record that the Debtor duly

executed the instrument, and recorded a certification of proof of due execution. In sum, the

Trustee argues the Mortgage was not recordable, and he may avoid the Mortgage under 11

U.S.C. § 544.  He concludes:

> Under Massachusetts Law an unrecorded mortgage is junior to the rights of
> a bona fide purchaser of the property, who obtained the status of a bona fide
> purchaser at the time of commencement of the Debtor's bankruptcy case.
> MASS. GEN. LAWS ch. 183, §§ 4, 29-30. Pursuant to 11 U.S.C. § 544(a), a
> trustee has the rights and powers of a hypothetical lien creditor or bona fide
> purchaser and may avoid any transfer of an interest of the debtor in property
> voidable thereby. Therefore, the Trustee may avoid the Mortgage pursuant to
> 11 U.S.C. § 544(a).

2. Green Tree and FNMA

Green Tree and FNMA argue that the Mortgage contains "proof of its due execution"

and, therefore, the Trustee's claims fail as a matter of law.  They contend that "by selecting

the disjunctive - "or" - the Legislature manifested its intent to allow two separate and

independent methods to record a mortgage in the registry of deeds; either by 'annex[ing]'

a 'certificate of . . . acknowledgment **OR**' a certificate of 'the proof of its due execution.'"

(emphasis added).  In furtherance of their argument, they note that the certificate, which is

signed and sealed by the notary, confirms that the Debtor "personally appeared," provided

"satisfactory evidence of identification," and actually "signed" the Mortgage in the

"presence" of the notary, and that the form selected by the notary, i.e., the form set forth at

Section 5(f) of the Executive Order, was not arbitrary, but rather was specifically intended

to confirm due execution of the Mortgage.  Relying upon Gordon v. Gordon, 8 Mass App.

12

Ct. 860 (1979), they argue that the notary provided the registry with "'formal proof of the authenticity of the execution of the instrument presented for recordation.'" Id. at 862 (citing McOuatt, 320 Mass. 413-14).

Green Tree and FNMA further contend that the Mortgage is "a fully completed government-issued certificate authorized by the statute and is intended to verify proof of due execution," adding that by confirming the identity of the grantor, the certification performs its statutory purpose. Green Tree and FNMA counter the Trustee's contention that a determination of "due execution" under Mass. Gen. Laws ch. 183, § 29 cannot be provided by a notary but must be based upon "testimony before a court of record," by arguing that, contrary to the Trustee's claim, the language selected by the Legislature does not reference or refer to any other sections of ch. 183 for the proper procedure for the preparation of the certificate of due execution, stating that "the Legislature intentionally omitted any specific references to any other sections of Chapter 183 in § 29." They diminish the provisions set forth in Mass. Gen. Laws ch. 183, §§ 34-41 as "judicial procedures for establishing 'proof of execution' in circumstances where an acknowledgment is otherwise unavailable because a grantor refuses or is unable to acknowledge a deed. They also distinguish § 40 of ch. 183 because it refers to a "certificate of proof of execution" (not "due execution" as required by § 29) and requires that the certificate be "endorsed upon or annexed" to the deed "by the clerk or register of the court" (recognizing that only after judicial determination of proof can the certificate be annexed or endorsed), adding that § 29 has no such limitation.

C.  Statutory Interpretation

It is well-settled that interpretation of the meaning of a statute starts with an examination of its language in the context of the whole statute.  In In re Reswick, 466 B.R. 362 (B.A.P. 9th Cir. 2011), the United States Bankruptcy Appellate Panel for the Ninth Circuit succinctly set forth applicable statutory interpretation principles in interpreting 11 U.S.C. § 362(c)(3)(A) and the split of authority surrounding its interpretation.  It stated:

> Statutory interpretation begins with the language of the statute. "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the texts is not absurd—is to enforce it according to its terms." Lamie v. United States Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004), quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). A court must consider "the language itself, the specific context in which that language was used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The Supreme Court has expanded upon this premise:
>
>> The definition of words in isolation however, is not necessarily controlling in statutory construction. A word in a statute may or may not extend to the outer limits of its definitional possibilities. Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.
>
> Dolan v. U.S. Postal Service, 546 U.S. 481, 486, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006); see also Boise Cascade Corp. v. U.S. E.P.A., 942 F.2d 1427, 1432 (9th Cir.1991) (courts "must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous").

In re Reswick, 466 B.R. at 367.  In this case the Court shall examine all of the provisions of Chapter 183 in order to interpret the requirements for acknowledging and proving execution

of deeds, including mortgages.

    D. <u>Count I Analysis</u>

    The language of Mass. Gen. Laws ch. 183, § 29 is susceptible of different interpretations.  Mindful of the entirety of the statutory provisions of Chapter 183, and, considering the purpose and context of the statute, and existing precedent and authorities, *see* <u>Dolan</u>, 546 U.S. at 486, especially  the decision of the Supreme Judicial Court in <u>McOuatt v. McOuatt</u>, 320 Mass. 410, 69 N.E.2d 806 (1946), the Court concludes that the Trustee's interpretation of the statute is more persuasive than that advanced by Green Tree and FNMA, particularly where Massachusetts follows a policy of strict formalities in the execution of acknowledgments.  <u>In re Giroux</u>, 2009 WL 3834002 at *2.  The notary had the option of employing a number of forms in observing the Debtor's signature on the Mortgage.  These include the forms set forth in the following table for ease of comparison.

<div align="center">(Remainder of page intentionally left blank)</div>

<div align="center">15</div>

| Executive Order/Section 5(d) | Executive Order/Section 5(f) | Mass. Gen. Laws ch. 183 App., Form (13) "Acknowledgment of Individual acting in his Own Right" |
|---|---|---|
| (d) A notary shall take the acknowledgment of the signature or mark of persons acknowledging for themselves or in any representative capacity by using substantially the following form:<br><br>On this ____ day of _____, 20__, before me, the undersigned notary<br>public, personally appeared _____ (name of document<br>signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the<br>preceding or attached document, and acknowledged to me that (he) (she) signed it<br>*voluntarily for its stated purpose.*<br>(as partner for _____, a partnership)<br>(as _____ for _____, a corporation)<br>(as attorney in fact for _____, the principal)<br>(as _____ for _____, (a) (the) _____)<br>_____ (official signature and seal of notary) | (f) A notary shall witness a signature in substantially the following form in notarizing a signature or mark to confirm that it was affixed in the notary's presence without administration of an oath or affirmation:<br><br>On this ____ day of _____, 20__, before me, the undersigned notary<br>public, personally appeared _____ (name of document<br>signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document in my presence.<br>_____ (official signature and seal of notary) | On this _____ day of _____ 19__, before me personally appeared A B (or   A B and C D), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) *free act and deed*.<br>(Signature and title of officer taking acknowledgment. Seal, if required.) |

In this case, the notary utilized the form set forth at Section 5(f) of the Executive

Order which omits any reference to the execution and acknowledgment of the Mortgage as

the free act and deed of the Debtor. The decision in <u>McOuatt</u> highlights the reasons for the

required language of voluntariness in the acknowledgment and fatally undercuts the

16

position of Green Tree and FNMA. In <u>McOuatt</u>, the Supreme Judicial Court determined that a deed was not properly acknowledged because there was no evidence that McOuatt, who was on his deathbed, acknowledged the instrument to be his "free act and deed." <u>Id.</u> at 411-12.  McOuatt signed a deed containing a notary clause asserting that he had indeed signed and acknowledged the deed. At trial, however, the evidence established that he had not spoken to the notary who filled out the acknowledgment, and thus did not indicate to that person that he "acknowledged the instrument as his free act and deed." <u>Id.</u> at 415. The Supreme Judicial Court stated:

> An acknowledgment is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was his free act and deed. No particular words are necessary as long as they amount to an admission that he has voluntarily and freely executed the instrument. <u>Kelly v. Calhoun</u>, 95 U.S. 710, 24 L.Ed. 544; <u>Qualls v. Qualls</u>, 196 Ala. 524, 72 So. 76; <u>Jemison v. Howell</u>, 230 Ala. 423, 161 So. 806, 99 A.L.R. 1511; <u>Jackson v. Hudspeth</u>, 208 Ark. 55, 184 S.W.2d 906; <u>Commercial Credit Corp. v. Carlson</u>, 114 Conn. 514, 159 A. 352; <u>Riddle v. Keller</u>, 16 Dick. 513, 61 N.J.Eq. 513, 48 A. 818; <u>Linderman v. Hastings Card & Paper Co.</u>, 38 App.Div. 488, 56 N.Y.S. 456; <u>Acklin v. First National Bank</u>, 64 N.D. 577, 254 N.W. 769; <u>Herron v. Harbour</u>, 75 Okl. 127, 182 P. 243, 29 A.L.R. 905. In the instant case, there is no finding that McOuatt, after he signed the deed, ever said a word to the one who made out the certificate of acknowledgment. On the other hand, there is an express finding that he did not say anything indicating that he acknowledged the instrument as his free act and deed. The master has set forth all the subsidiary findings relative to this matter of acknowledgment. We are unable to discover anything in his report that would justify a conclusion that McOuatt acknowledged the instrument of conveyance to be his free act and deed. The only conclusion that can be reached from the report is that the deed was not duly acknowledged as required by the statute. G.L.(Ter.Ed.) c. 209, § 3. No effect can be given to it." 320 Mass. at 415 (citing <u>Erickson v. White</u>, 288 Mass. 451, 193 N.E. 25).

<u>McOuatt</u>, 320 Mass. at 415.

17

It is readily apparent from the directives contained in the McOuatt decision and well-settled authority on the requirements of certificates of acknowledgment, that circumstances may exist where a signature can be procured that is not the voluntary or the free act and deed of the individual executing the deed or other instrument.  Therefore, an alternate method for obtaining a certificate of proof of its *due* execution exists to permit recordation as set forth in Mass. Gen. Laws ch. 183, § 29.  The language in § 29, namely "made as hereinafter provided," refers to the successive provisions set forth in §§ 30-41, not just to the language of § 29, and, when the statute is read as a whole, it is evident that §§ 30-33 pertain to acknowledgments and §§ 34-41 pertain to proof of due execution.  The latter provisions require evidence, the involvement of a court of record, and subscribing witnesses. *See* Mass. Gen. Laws ch. 183, § 34-41.  Indeed, § 40 provides that "A certificate of proof of the execution of a deed shall be endorsed upon it or annexed thereto by the clerk or register of the court or the judge before whom such proof is made, and the certificate shall state whether the grantor was present at the hearing."  Mass. Gen. Laws ch. 183, § 40.

The decision relied upon by the Green Tree and FNMA in support of their argument that the notarization was adequate, Gordon v. Gordon, is inapposite.  In that case, a husband and wife owned property as tenants by the entirety.  Both signed a deed conveying the property to the wife.  The wife  took the deed to a notary before whom she acknowledged the instrument to be the free act and deed of herself and of her husband, although he was not present. The notary affixed his signature and seal below the recitation that both had personally appeared before him and acknowledged the instrument as their free act and deed.

18

Mrs. Gordon then took the deed to an attorney with instructions to have it recorded. For

some unexplained reason, the deed was not immediately recorded. 8 Mass. App. Ct. at 861-

62. The court determined that "when a husband and wife holding lands as tenants by the

entirety convey such property, both husband and wife are grantors, not the husband alone.

The nature of the tenancy by the entirety is such that, as defined at common law, both

husband and wife have one and the same interest. . . . The spouses hold one indivisible estate

in them both and in the survivor, this concept being founded on the common law doctrine

that, in law, husband and wife constitute but one person." Id. at 864. Thus, unlike the

situation in the instant case, the mortgage in Gordon was the free act and deed of the

grantor.

In summary, the Court rejects the position of Green Tree and FNMA. A fair reading

of § 29 provides for two alternatives for the recordation of deed. The procedures for the two

alternatives ("as hereinafter provided") are set forth in subsequent provisions of the statute

with §§ 30-33 addressing acknowledgments and §§ 34-41 addressing proof of due execution.

Green Tree and FNMA essentially ask that  "proof of due execution," without the

involvement of a court of record or a subscribing witness, be conflated with an

acknowledgment. Were the Court to accept their position, the decision in McOuatt, 320

Mass. 415, with its observation that "[a]n acknowledgment is the formal statement of the

grantor to the official authorized to take the acknowledgment that the execution of the

instrument was his free act and deed" would be rendered meaningless, as all that would be

required would be  a notarization that the deed was executed in the notary's presence.  In

19

other words, the notary, as was done in this case, merely would be witnessing the signature

of the grantor without attesting to the required acknowlegment.

E. Underline: Counts II and III Analysis

In his Motion for Summary Judgment, the Trustee observes that under 11 U.S.C. §

544(a) "the trustee may recover for the benefit of the estate the property transferred." 11

U.S.C. § 550(a).  A trustee may obtain this recovery from the initial transferee, any entity for

whose benefit the transfer was made, or any immediate or mediate transferee of the initial

transferee. 11 U.S.C. § 550(a)(1) and (2). Pursuant to 11 U.S.C. § 551, the interest in the Real

Property represented by the Mortgage is preserved for the benefit of the bankruptcy estate,

"'put[ting] the estate in the shoes of the creditor whose lien is avoided." _DeGiacomo v._

_Traverse (In re Traverse)_, 753 F.3d 19, 26 (1st Cir. 2014), _cert. denied, __ U.S. __, 135 S.Ct. 459_

(2014) (quoting _In re Carvell_, 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998)).   According to the

Trustee, he is entitled to a declaratory judgment under Count II of the Complaint against the

Mortgage Defendants, in a recordable form, stating that the avoided Mortgage is recovered

for the benefit of the estate pursuant to 11 U.S.C. §§ 550(a) and 551.

The Trustee recognizes the binding effect of _In re Traverse_.  In that case, the United

States Court of Appeals for the First Circuit stated:

> [P]reservation of an undefaulted mortgage on [the debtor's] home for the
> benefit of the bankruptcy estate is not co-extensive with an ownership right
> over the underlying property. Under § 551, the trustee preserves any liens or
> transfers avoided under § 544 by claiming those liens for the benefit of the
> estate, but he preserves the benefit of only that which has been avoided—in
> this case, the mortgage. "When the Trustee avoided the lien granted by Debtor
> . . ., the avoided lien and only the avoided lien became property of the estate

under § 541(a)(4)."Preservation gives the bankruptcy estate an exclusive interest in the avoided lien, but it does not give the estate any current ownership interest in the underlying asset. . . . As far as the trustee's § 363 powers are concerned, avoidance and preservation thus empower the trustee to sell the newly avoided mortgage as property of the estate. But if the underlying property has been exempted and withdrawn from the "property of the estate" for the purposes of § 363, the preservation of a mortgage does not resurrect the trustee's § 363 powers over that property itself.

In re Traverse, 753 F.3d at 27 (citations omitted, footnote omitted).  In rejecting the trustee's argument that the preserved mortgage empowered him to sell Traverse's home because, with the bankruptcy estate now standing in the shoes of the secured lienholder, the sale would directly benefit the unsecured creditors, the First Circuit observed:

Just because the preserved mortgage entitles the estate to benefit from the sale of Traverse's property, however, does not mean that the trustee is by that fact empowered to sell the property so as to immediately realize that benefit. In itself, a mortgage carries neither a right of immediate ownership of Traverse's property, nor a right of immediate payment of the secured loan's outstanding value, but only a right to foreclose on Traverse's property in the event that she defaults on her loan or to receive payment in full when the home is sold through other means. And that is the extent of the rights gained by the estate through the trustee's preservation.  . . .

Id. at 29 (citing Morris v. St. John Nat'l Bank (In re Haberman), 516 F.3d 1207, 1210 (10th Cir. 2008)).  It concluded:

We affirm today the principle that the preservation of a lien entitles a bankruptcy estate to the full value of the preserved lien—no more and no less. Where this lien is an undefaulted mortgage on otherwise exempted property, the trustee may for the benefit of the estate enjoy the liquid market value of that mortgage, claim the first proceeds from a voluntary sale, or wait to exercise the rights of a mortgagee in the event of a default. But the trustee may not repurpose the mortgage to transform otherwise exempted assets, to which neither the estate nor the original mortgagee boasted any ownership rights, into the property of the bankruptcy estate.

21

Id. at 31 (footnote omitted).

Based upon his reading of Traverse, the Trustee, noting that a mortgage is treated as a transfer of legal title, subject to a right of redemption, *see* Bevilaqua v. Rodriguez, 460 Mass. 762, 774 (2011); Maglione v. BancBoston Mtg. Corp., 29 Mass App. Ct. 88, 90 (1990), contends that the right of redemption should not be confused with rights under the note previously secured by the avoided mortgage, especially as the bankruptcy discharge under 11 U.S.C. § 727(a) discharges the Debtor's personal liability under the note, but not the mortgagee's title interest.[9]  *See* Johnson v. Home State Bank, 501 U.S. 78, 82 (1991).  The

---

[9] In Bevilacqua, the Supreme Judicial Court stated:

> In Massachusetts, a "mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains." Maglione v. BancBoston Mtge. Corp., 29 Mass. App. Ct. 88, 90, 557 N.E.2d 756 (1990). The purpose of the split is "to give to the mortgagee an effectual security for the payment of a debt [while] leav[ing] to the mortgagor . . . the full control, disposition and ownership of the estate." Santiago v. Alba Mgt., Inc., 77 Mass.App.Ct. 46, 49, 928 N.E.2d 359 (2010), quoting Charlestown Five Cents Sav. Bank v. White, 30 F.Supp. 416, 418–419 (D. Mass.1939). The title held by a mortgagee is defeasible, and "upon payment of the note by the mortgagor . . . the mortgagee's interest in the real property comes to an end." Maglione v. BancBoston Mtge. Corp., *supra*.

Bevilacqua, 460 Mass. at 774.  The court added:

> "[A]n equity of redemption is inseparably connected with a mortgage," Peugh v. Davis, 96 U.S. 332, 337, 24 L.Ed. 775 (1877), and endures so long as the mortgage continues in existence:

> > "When the right of redemption is foreclosed, the mortgage has done its work and the property is no longer mortgaged land. Instead, the former mortgagee owns the legal and equitable interests in the property and the mortgage no longer exists."

Trustee maintains that although the lender continues to hold the note, its claim is unsecured, and the Debtor retains the right of redemption with respect to the avoided Mortgage. The Trustee adds that the Debtor may satisfy her right to redemption by paying to him the balance of the obligation either all at once or over time under the terms described in the related note.

In a footnote, the Court of Appeals in <u>Traverse</u>, however, observed:

> The parties in this case have presented to us no issue regarding who is entitled to [the debtor's] post-petition payments. Absent a separate agreement to the contrary, avoidance and preservation of a security interest do not entitle the trustee to payments on the underlying debt. <u>In re Rubia</u>, 257 B.R. 324, 327 (10th Cir. BAP 2001), *aff'd*, 23 Fed.Appx. 968 (10th Cir. 2001); <u>In re Trible</u>, 290 B.R. 838, 845 (Bankr.D. Kan. 2003).

<u>In re Traverse</u>, 753 F.3d at 31 n.9.[10] While the Trustee recognizes that observation, he states

---

> <u>Santiago v. Alba Mgt., Inc.</u>, *supra* at 50, 928 N.E.2d 359. See G.L. c. 244, § 18 (mortgagor holds equity of redemption until mortgagor forecloses); <u>Maglione v. BancBoston Mtge. Corp.</u>, *supra* ("upon payment of the note by the mortgagor . . . the mortgagee's interest in the real property comes to an end").

<u>Bevilacqua</u>, 460 Mass. at 775.

[10] In a recent article by Guy B. Moss and Michael J. Goldberg, *The Mortgage is Avoided, but What is the Worth if the Debtor's Home Cannot be Sold?,* 33 Am. Bankr Inst. J. 42 (Oct. 2014), the authors observed:

> Dicta in <u>Traverse</u> added greatly to the uncertainty over what rights travel with an avoided lien. In footnote 9, the decision raises, but does not resolve, the issue of what party is entitled to post-petition debt-service payments, stating that absent an agreement, avoidance and preservation of the mortgage lien "do not entitle the trustee to payments on the underlying debt." If this were true, what would entitle the trustee to payment at any time other than in connection with a sale or refinancing by the debtor? How could the trustee ever hold the foreclosure right that the court identifies? Also, what

the following:

> While the trustee does not hold the note obligation, the value of the avoided lien interest is based on the amount owed on the note at the time of the bankruptcy petition – the amount if not reduced by subsequent payments made by the debtor to the original lender. . . . [T]he trustee's rights are not against the debtor, but the collateral, but the rights against the collateral are based on the amount owed on the petition date, unaffected by subsequent payments to the lender. The Trustee's obligation to recognize a redemption of the collateral, and in this case's context, provide a discharge of the Mortgage, is dependent on payments made to the Trustee.

The Trustee adds:

> Allowing payments to the lender, post avoidance, to redeem the interest removes the value from the estate, and runs against the plain language and purposes of sections 541, 550 and 551. It effectively turns the lender, who

---

> meaningful value could any trustee realize from the sale of a lien under such an umbrella of doubt?
>
> The impact of <u>Traverse</u> on Massachusetts law (which governed the parties' substantive rights) is even more problematic; in fact, it is doubtful that the trustee could ever foreclose the mortgage, even if he could define a payment default. In 2012, Massachusetts's highest court ruled that foreclosure by exercise of a power of a sale can only be conducted by a person or entity "either holding the mortgage note or acting on behalf of the noteholder." With the note in the possession of the original mortgagee--and with the debtor discharged from her obligations thereunder--the trustee's power to undertake any enforcement action with respect to the avoided lien is suspect and the debtor will have little incentive to cooperate. Thus, in reality, rather than balancing the competing interests of a debtor and her trustee, <u>Traverse</u> appears to have severely hampered a trustee's ability to derive value from an avoided mortgage, and potentially to have given the debtor a windfall: the ability to remain in her home without making further payments to anyone.

<u>Id.</u> at 75.

should be an unsecured creditor, back into a secured creditor, and returns the value represented by the avoided mortgage to the original lender, rather than allowing the value to accrue to the creditor body as the bankruptcy code intends.

The Trustee concludes:

> The Debtor should be able to redeem her interest in the real estate only by making payments to the Trustee, as representative of the estate and holder of the defeasible legal title. If the Debtor chooses to make payments to the Trustee, the benefit will go to the estate in accordance with the purposes of §554 and §551, and the priority scheme of chapter 7 will not be violated. In re Traverse, 753 F3d. at 26; In re Mill Concepts Corp., 123 B.R. at 947. In the present case, because the value of the Real Estate, $295,000, exceeds the amount that had to be paid to redeem the Mortgage as of the petition date, $281,592.13, the Debtor may redeem the avoided mortgage interest on payment of $281,592.13.

Accordingly, the Trustee seeks the entry of an order declaring that the interest in the Real Property by virtue of the Mortgage, once avoided and preserved for the benefit of the estate, is subject to redemption only on account of payments made to the Trustee, as representative of the estate, with a value as of the petition date of $281,592.13.[11]

---

[11] The Trustee may be seeking to avoid the problem confronted in Agin v. PNC Mtg. (In re Spodris), 516 B.R. 196 (Bankr. D. Mass. 2014). In that case, Judge Hillman, relying upon In re Traverse, stated:

> I find that preservation of the Avoided Interest for the benefit of the estate is sufficient to put the estate in its pre-transfer position, and thus constitutes a complete recovery in this case. As PNC points out, the "interest of the debtor in property" that was preferentially transferred was PNC's right to enforce its claim against the property in the event of default. Avoidance of the Mortgage as to the Debtor's interest in the property deprives PNC of this right, putting PNC in the same position as the Debtor's other creditors. Preservation of the Avoided Interest for the benefit of the estate grants the Trustee whatever rights PNC would have had against the Debtor's interest in the Property on account of the Mortgage. Just as PNC would have no immediate recourse against the Property absent a default, neither does the Trustee. Thus, the

In this regard, this Court is confronted with the issue raised and left unanswered by

the   United States Court of Appeals for the First Circuit in footnote 9 of the <u>Traverse</u>

decision, as the Trustee seeks entry of an order of judgment "declaring that the interest in

the Real Estate by virtue of the Mortgage, once avoided and preserved for the benefit of the

estate, is subject to redemption [by the Debtor] only on account of payments made to the

Trustee, as representative of the estate, with a value as of the petition date of $281,592.13."

Payments by the Debtor  to Green Tree, as agent for FNMA, from her postpetition earnings

would not disrupt the priority scheme of Chapter 7 of the Bankruptcy Code, however, even

though the mortgage lien securing the note has been avoided and Green Tree is no longer

a secured creditor.  The Debtor's postpetition earnings are not property of the estate, and she

can voluntarily make payments on the note. *See* 11 U.S.C. § 524(f).  Entry of the declaratory

judgment sought by the Trustee is problematic as the Debtor's personal  liability on the note,

the underlying obligation secured by the Mortgage, has been discharged.  Compounding

that issue, neither Green Tree nor the Trustee may be able to foreclose on the Mortgage if the

Debtor is not in default, or if  neither holds *both* the note and Mortgage as required by

---

Trustee is limited to enjoying the "liquid market value" of the Avoided
Interest. Any difficulty the Trustee may encounter in administering the
Avoided Interest stems from the fact that it is a partial interest. I do not find
this a special circumstance entitling the Trustee to a monetary recovery, when
preservation of the Avoided Interest in all other respects puts the parties in
their pre-transfer positions.

516 B.R. at 204 (footnotes omitted).

Massachusetts law. *See* Eaton v. FNMA, 462 Mass. 569, 570 (2012). The summary judgment record in this proceeding reflects that the parties have not adequately addressed these factual and legal issues.

Moreover, the Court is unpersuaded by the Trustee's contention that he is entitled to a declaratory judgment that the avoided Mortgage is subject to redemption only on account of payments made to him with a value of $281,592.13. The debt for which the Debtor was liable prior to the entry of discharge is represented by the note, not the Mortgage. As the First Circuit stated: "[i]n itself, a mortgage carries neither a right of immediate ownership of [the Debtor's] property, nor a right of immediate payment of the secured loan's outstanding value, but only a right to foreclose on [the Debtor's] property in the event that she defaults on her loan or to receive payment in full when the home is sold through other means." Traverse, 753 F.3d at 29.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order granting the Trustee's Motion for Summary Judgment on Count I against Green Tree and FNMA. The Court shall enter an order denying the Cross-Motion for Summary Judgment filed by Green Tree and FNMA. With reference to Counts II and III, the Trustee in his Complaint requested the value of the avoided mortgage in the sum of $281,592.13 from one or more of the Mortgage Defendants, and an order that "the Lien Interest, once avoided and recovered for the benefit of the estate, is not subject to redemption on account of any payments made to or for the benefit of the Mortgage Defendants." In his Motion for Summary Judgment, however, the Trustee stated

27

that he was not seeking a monetary judgment and abandoned that request for  relief.  In addition, he sought a declaration "that the interest in the Real Estate by virtue of the Mortgage, once avoided and preserved for the benefit of the estate, is subject to redemption only on account of payments made to the Trustee, as representative of the estate, with a value as of the petition date of $281,592.13." In view of 1) the failure of Green Tree and FNMA to address the Trustee's requests for relief as to Counts II and III in either the Complaint or his Motion for Summary Judgment; 2) the decision in <u>Traverse</u> in which the court stated that where the avoided lien pertains to a mortgage on otherwise exempted property that was not in default, "the trustee may for the benefit of the estate enjoy the *liquid* market value of that mortgage, claim the first proceeds from a voluntary sale, or wait to exercise the rights of a mortgagee in the event of a default, " 753 F.3d at 31 (emphasis supplied), and 3) the inability of either the Trustee or Green Tree, as agent for FNMA, to proceed with a foreclosure sale of the Real Property in view of the decision in <u>Eaton v. FNMA</u>, 462 Mass. at 570, as neither holds both the note and Mortgage, the Court shall schedule further hearings to determine the relief available to the Trustee under Counts II-III.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: August  19,  2015

28